IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CLAUDE GRANT, ORALENE DAY, PRINCESS MARTINDALE, FALETHA REID, DARRYL MCKIBBENS, DARREL GANT, ANTONIO MCKISSACK, PAMELA TUCKER, SANDRA DERRICK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE,<br><br>Defendant. | NO. 3:04-0630<br>JUDGE HAYNES |

## M E M O R A N D U M

Plaintiffs, Claude Grant, Oralene Day, Princess Martindale, Faletha Reid, Darryl McKibbens, Darrel Gant, Antonio McKissack, Pamela Tucker, and Sandra Derrick, individually and on behalf of all other similarly situated, filed class action this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., and 42 U.S.C. § 1981 against the Defendant Metropolitan Government of Nashville and Davidson County, Tennessee ("Metro"). Plaintiffs, all current employees[1] of Metro Water Services ("Metro Water"), a Metro governmental department, seek to represent as a putative class all current, past, and future Metro Water employees from January 1, 2000 to the present. The gravamen of Plaintiffs' complaint is that Metro Water engages in a systematic practice of discrimination against African American employees in post-employment

---

[1] Although the record is unclear, it appears that Plaintiff Oralene Day may no longer be employed by Metro Water. (Docket Entry No.17, Plaintiffs' Appendix, Exhibit 10 attached thereto, Oralene Day EEOC Charge at 2). However, this fact is irrelevant for purposes of the analysis contained in this Memorandum.

opportunities, including disparate job assignments, promotions, pay, accommodations, discipline, and other terms and conditions of employment at Metro Water.[2]

In earlier proceedings, the Court granted Plaintiffs' motion for class certification, concluding that Plaintiffs satisfied the requirements for class certification under Fed. R. Civ. P. 23(a) and that because Plaintiffs seek primarily declaratory and injunctive relief for programmatic and institutional changes in Metro Water's employment practices, class certification was proper under Rule 23(b)(2). The Sixth Circuit denied the Defendant's petition to appeal that Order. (Docket Entry No. 30).

Before the Court are the Defendant's motion to decertify the class (Docket Entry No. 55) and the Defendant's motion for summary judgment (Docket Entry No. 57). Plaintiffs have responded to both motions. (Docket Entry Nos. 74-76). The parties have submitted evidentiary materials. See Docket Entry Nos. 58 to 63, 65-68, 78-81 and 86.

As to the Defendant's motion to decertify, the Defendant relies upon Reeb v. Ohio Department of Rehabilitation and Correction, 435 F.3d 639 (6th Cir. 2006), to argue that because the named Plaintiffs assert claims for damages, such claims create individual issues that are not common to the class and therefore, the class must be decertified.

The Court certified the class under Rule 23(b)(2) because Plaintiffs assert common practices and procedures that historically discriminate against African American employees in promotions, pay, discipline, and other terms and conditions of employment at the Defendant's

---

[2]Plaintiff Sandra Derrick o assert an individual claim of retaliation against Metro for which Derrick seeks compensatory and punitive damages . (Docket Entry No. 5, Amended Complaint at ¶¶ 202-06). The Court did not consider Derrick's individual claim for purposes of evaluating Plaintiffs' motion for class certification. If necessary that claim may be severed for a separate trial.

2

Water Services Department. For purposes of class certification, Plaintiffs present common facts and present a common theory of liability under their discriminatory impact theory. Plaintiffs' proof, including an expert's analysis, presents liability issues that would be applicable to the named Plaintiffs and members of their class[3].

Rule 23(b)(2) permits a class action for declaratory or injunctive relief where "the party opposing the class has acted or refused to act on grounds generally applicable to the class." Amchem Products, Inc. v. Windsor, 521 U.S. 591, 614 (1997). As the Supreme Court stated "[c]ivil rights cases against parties charged with unlawful, class-based discrimination are prime examples" of permissible class actions under Rule 23(b)(2). Id. After review of the record, the Court continues to conclude that the disparate impact proof and the common legal questions predominate over any individual issues in this action.

In Reeb, the Sixth Circuit held that where a Title VII *class* seeks *individual* damages for *each class member*, class certification can be inappropriate, but the Sixth Circuit clearly did not adopt a per se rule barring damages awards to a class or to individually named Plaintiffs:

> Accordingly, we hold that, because of the individualized nature of damages calculations for Title VII plaintiffs and the ability of those plaintiffs to bring individual actions, the claims for individual compensatory damages of members of a Title VII class necessarily predominate over requested declaratory or injunctive relief, and individual compensatory damages are not recoverable by a Rule 23(b)(2) class. The district court therefore abused its discretion in certifying this class under Federal Rule of Civil Procedure 23(b)(2). We emphasize, however, that this holding does not foreclose all Title VII class actions. Plaintiffs now have the choice of proceeding under Rule 23(b)(3) in an action for money damages or in an action under Rule 23(b)(2) for declaratory or injunctive relief alone or in conjunction with

---

[3] In its Memorandum, the Court found it unnecessary to reach the merits of Plaintiffs' motion for class certification under Rule 23(b)(3). (Docket Entry No. 25, Memorandum at p. 40). The Court, however, informed Plaintiffs to file a separate motion for a Rule 23(b)(3) certification, if necessary. Id. Plaintiffs have not done so.

3

> compensatory and punitive damages that inure to the group benefit. And, as always, plaintiffs remain free to bring Title VII actions as individuals.

435 F.3d at 651 (emphasis added).

By its express language, Reeb does not preclude class certification in all instances where only the named plaintiffs seek their individual damages or where the Title VII Plaintiffs' class seeks "compensatory and punitive damages that inure to the group benefit". 435 F.3d at 651. Reeb involved Title VII plaintiffs who sought "claims for *individual* compensatory damages of *members* of a Title VII class" and in that context class certification under Rule 23(b)(2) was inapprorpiate. Id.. Thus, Reeb is distinguishable, in that at this point, only the named Plaintiffs are seeking compensatory damages. The Defendant also cites Coleman v. General Motors Acceptance Corp., 296 F.3d 443, 448 (6th Cir. 2002) as precluding certification. There, "the class [sought] to recover backpay or other forms of monetary damages to be allocated based on individual injuries." Id. No such relief is sought here.

For the class issue, the Court will bifurcate the trial. The jury will first decide the issue of class liability and the Defendant's liability to the individual Plaintiffs. If the jury finds for the Defendant on both issues, then these proceedings are concluded for the named Plaintiffs and the class. If the jury finds for the Plaintiffs **and** the class on liability issues, then the jury can determine the compensatory damages claims of the named Plaintiffs. The parties may wish to consider whether the jury should award the class "compensatory and punitive damages that inure to the group benefit", Reeb, 435 F.3d at 651, or punitive damages. Tisdale v. Federal Express Corp., 415 F.3d 516, 535 (6th Cir. 2005). The latter option may require an additional notice to allow an opt-out for any individual class members. See Fed. R. Civ. P. 23(c)(2) and the advisory committee notes

4

to the 2003 amendments to Rule 23.

Without a class award, the jury could still decide any issues as to the amounts of backpay and/or frontpay for individual named Plaintiffs. As a matter of law, these remedies are equitable remedies for the Court to award. Pollard v. E.I. du Pont de Nemours & Co., 532 U.S. 843, 852-54 (2001); 42 U.S.C. §1981a(b)(2) and 42 U.S.C.§ 2000e-5(g)(1). See also Roush v. KFC National Management Co., 10 F.3d 392, 398 (6th Cir. 1993). The jury must decide any disputes as to the amounts of frontpay awards, but the Court decides whether to award frontpay. Id. This Court would submit factual disputes about backpay to the jury as well.

As pertinent to the class issues, in In re Monumental Life Ins. Co., 365 F.3d 408 (5th Cir. 2004), that was cited in Reeb, the Fifth Circuit explained the role of back pay in a Rule 23(b)(2) class:

> Equitable monetary relief is compatible with a rule 23(b)(2) class. Importantly, this pronouncement has been limited to the context of title VII backpay, a remedy designated by statute as "equitable." Backpay is therefore unique in that it is "an integral component of Title VII's 'make whole' remedial scheme." Not coincidentally, as compared to compensatory damages, "calculation of back pay generally involves less complicated factual determinations and fewer individual issues.". . . . [F]or this reason, backpay generally does not predominate over injunctive or declaratory relief.

Id. at 418 (citations and footnotes omitted). "[E]quitable monetary remedies are less likely to predominate over a class's claim for injunctive relief, but this has more to do with the uniform character of the relief rather than with its label." Id.

In sum, if after the liability phase, the jury finds for the Plaintiff's class, then any member of the class can pursue individual claims for compensatory and punitive damages, backpay and front-pay in an independent action with the jury's liability finding of class liability operating as offensive collateral estoppel against the Defendant. In those instances, the Defendant's right to a

5

jury trial, that is the material constitutional issue in this context, would be preserved in individual pay determinations of compensatory damages and the amounts of any front-pay and backpay. Again, the Court would decide whether to award backpay and front-pay, but in both instances, the jury would decide the amount of such damages. For the foregoing reasons, the Defendant's motion to decertify the class should be denied.

As to the Defendant's motion for summary judgment, the Court has considered the parties' extensive evidentiary submissions. After review, the Court deems the Plaintiffs' proof, including their expert proof, sufficient to support a judgment. Although many facts in this controversy are undisputed (Docket Entry No. 77, Plaintiffs Response to Defendant's Statement of Undisputed Facts), several material factual disputes, involving the individual Plaintiffs and the Defendant's actual employment practices, remain. Id. at ¶¶ 1-3, 6, 7, 13, 17, 18, 25, 31, 32, 34, 35, 42, 66, 67, 73, 74, 85, 89, 92, 117, 118, 119, 120, 121, and 124. Significantly, the parties' experts disagree on their factual analysis and opinions about effects of the Defendant's work policies and practices. Compare Docket Entry No. 57, Attachment thereto, Defendant's expert's report with Docket Entry No. 78, Attachment thereto, Plaintiffs' expert reports. These factual disputes cannot be resolved on a motion for summary judgment. Thus, the Defendant's motion for summary judgment should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the ___ day of November, 2007.

WILLIAM J. HAYNES, JR.
United States District Judge