IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CLAUDE GRANT, ORALENE DAY, )
PRINCESS MARTINDALE, FALETHA REID, )
DARRYL MCKIBBENS, DARREL GANT, )
ANTONIA MCKISSACK, PAMELA TUCKER, )
SANDRA DERRICK, individually and on )
behalf of all others similarly situated, )
)          NO. 3:04-0630
    Plaintiff, )          JUDGE HAYNES
v. )
)
METROPOLITAN GOVERNMENT OF )
NASHVILLE AND DAVIDSON COUNTY, )
TENNESSEE, )
)
    Defendant. )

## O R D E R

In accordance with the Memorandum filed herewith, absent a material factual dispute as to the actual amounts, the named Plaintiffs are **AWARDED** backpay in the following amounts:

Plaintiff Grant shall be awarded as backpay the amount that he would have received if had been selected for one of the positions Potter and Palko identified for him in the AMEC report. The backpay shall be the amount of any such position that had a salary level higher than Grant's salary level in 2002 and from 2002 to the date of the Order filed herewith.

Plaintiffs McKibbens and McKissack shall be awarded backpay of the amount of the salary of the maintenance and repair leader 2 position from the date of their first applications for that position since 2002.

Plaintiff Tucker shall be given backpay for the promotion awarded to Christine Brinkley from the day of that promotion decision to the date of this Order.

Plaintiff Derrick is awarded backpay from the date of the Ragland and Ward promotions to present given the Defendant's elimination of bachelor degree requirement in the promotion decisions.

Plaintiff Reid is awarded backpay from the date of the promotion of the administrative service officers 3 position where the bachelor degree job

1

requirement was eliminated and the white employee selected lacked a bachelor's degree.

Plaintiffs Gant and Martindale shall receive a backpay award based upon the Special Master's formula from the date of their last promotion applications since 2002.

Plaintiff Day, who filed for bankruptcy and did not list her claims in this action as an asset of her estate is barred under Lewis v. Weyerhaeuser Co., 141 Fed. Appx. 420 (6th Cir. 2005), from any award of relief.

These backpay awards are subject to the two-year limitations, measured from the date of each Plaintiff's original charges filed with the Equal Employment Opportunity Commission, as set forth in 42 U.S.C. § 2000e-5(g). The named Plaintiffs are also **AWARDED** prejudgment interest for these backpay awards from the same time period. Absent a material factual dispute as to the amounts, the Court also will award front-pay to each Plaintiff based on the rate of the backpay award.

The parties have ten (10) days from the date of this Order to submit three names to the Court for the appointment of a Special Master. The Special Master will be directed to determine the following:

> The Special Master shall validate the job requirements for positions at Metro Water Services.
>
> The Special Master shall develop appropriate job related written questions for oral interviews for Metro Water Services' promotions, including later transfers for positions in which a qualified black Metro Water Services employee is interviewed and applies, and recommend an appropriate ratio for scoring the interview in the selection process to avoid Metro Water Services' wholly subjective use of subjective criteria for promotions.
>
> Utilizing Dr. Moomaw's analyses, the Special Master shall also hold hearings and determine a formula to award backpay to qualified class members who were denied promotions for positions for which the selected white employee was less qualified by education and experience, except in the TS salary group.
>
> Utilizing Dr. Moomaw's analyses, the Special Master shall also prepare a formula to equalize Metro Water Services' black employees' compensation that is now

2

below the grade level of comparable white employees, except for those employees in the TS salary group. This formula shall be utilized for awards of backpay to class members subjected to Metro Water Services' racially discriminatory promotion and compensation practices.

It is further **ORDERED** that for one year, members of the Metro Civil Service Commission or its designees shall serve as members of the oral interview team for all Metro Water Services promotions, including lateral transfers. The interview panel for these promotion interviews may not include any Metro Water Services employees. Metro Water Services may designate a proctor to attend the interview.

It is so **ORDERED**.

**ENTERED** this the 22nd day of July, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge