IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CLAUDE GRANT, ORALENE DAY, )
PRINCESS MARTINDALE, FALETHA REID, )
DARRYL MCKIBBENS, DARREL GANT, )
ANTONIA MCKISSACK, PAMELA TUCKER, )
SANDRA DERRICK, individually and on )
behalf of all others similarly situated, )
                                       )      NO. 3:04-0630
       Plaintiffs,                )      JUDGE HAYNES
v.                                     )
                                       )
METROPOLITAN GOVERNMENT OF )
NASHVILLE AND DAVIDSON COUNTY, )
TENNESSEE, )
                                       )
       Defendant.               )

## M E M O R A N D U M

Before the Court is the Defendant's motion for a stay (Docket Entry No. 247) of the

Court's Order granting relief on Plaintiffs' disparate impact claims (Docket Entry No. 238). The

Defendant contends, in sum, that the Plaintiffs lack a likelihood of success on the merits; that

substantial harm will be caused absent a stay and that the public interest warrants a stay of all

relief, including the appointment of a special master. The Defendant joined in an earlier motion

for an extension of time to submit names of candidates for appointment as special master that the

Court granted. (Docket Entry Nos. 245 and 246). Given the Defendant's allegations of

irreparable harm, the provisions of Local Rule 7.01(b) and these already extended proceedings,

the Court addresses this motion on an expedited basis.

On the motion for a stay, the Court considers the four factors under Baker v. Adams

County/Ohio Valley Sch. Bd., 310 F.3d 927, 928 (6th Cir.2002). As to the irreparable harm

factor alleged by the loss of funds through payment of the Special Master or awards of backpay:

1

"Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." Sampson v. Murray, 415 U.S. 61, 90 (1974).

As to the likelihood of success on the merits, the Defendant argues once again that Plaintiffs' proof only showed a racial imbalance in the composition of its Metro Water Service work force and that Wards Cove Packing Co. v. Antonio, 490 U.S. 642 (1989), holds that such proof does not establish a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. The Defendant made the same argument in its proposed findings of fact and conclusions of law. The Court concludes again that the Defendant's contention is contrary to the law and unsupported by the facts. Wards Cove requires Plaintiffs to identify specific employment practices that cause any racial imbalance in the employer's work force. Plaintiffs identify five discriminatory promotion and pay practices: (1) altered job qualifications; (2) lateral transfers; (3) subjective and selective interview practices; (4) out-of-class work assignments and (5) discriminatory pay practices. Plaintiffs' proof included testimony and exhibits of their and other black employees' personal experiences at Metro Water Service ("MWS") with those specific practices. As certified class representatives, Plaintiffs' experiences are representative of the class. Plaintiffs' expert statistical analyses corroborated Plaintiff's lay proof. The application of clearly established Sixth Circuit precedents regarding standard deviation calculations on the Plaintiffs' expert statistical studies yielded standard deviations above the accepted norm and clearly evince a pattern of racial discrimination. (Docket Entry No. 237, Memorandum at 58-64). See also United States v. Paradise, 480 U.S. 149, 168-70 (1987).

To state that the Court relied only on the statistical analyses of Plaintiffs' expert on the racial makeup of the Defendant's workforce is a misrepresentation of the Court's 54 pages of factual findings, id. at 3-57, of which twenty-two pages analyzed non-expert proof. Id. at 3-25.

2

Although his analyses did not include all MWS promotions, the Defendant's expert agreed that the Defendant's promotion practices should reflect the racial composition of its workforce. Id. at 46. The Court concludes again that Plaintiffs' proof clearly meets the Wards Cove standard of proof for their disparate impact claims.

As to the cited Sixth Circuit authorities that the Court must compare the number of applicants, the Defendant's cited practices of lateral transfers and altered job qualifications undermine any reliance that Plaintiffs or members of their class had to apply because due to altered job qualifications qualified black candidates were deemed unqualified to apply or discouraged to apply by reports of preselected candidates that the actual selection process confirmed. Id. at 6-25. Those cited legal authorities are factually inapposite. Moreover, the Supreme Court and the Sixth Circuit have held that for promotions claims, the application requirement is inapplicable where to apply is futile, discouraged or impossible. Int'l Brotherhood of Teamsters v. United States, 431 U.S. 324, 365 n. 51, 366-67 (1977); Bacon v. Honda of America Mfg., Inc., 370 F.3d 565, 576 (6th Cir. 2004) (citations omitted); Dews v. A.B.A Dick Co., 231 F.3d 1016, 1021-22 (6th Cir. 2000). Plaintiffs' proof was that MWS's practices of lateral transfers, altered job qualifications, out-of-class assignments and pre-selection rendered applications futile, discouraged and impossible. The Defendant offered one sentence in its proposed factual findings on its business necessity defense. (Docket Entry No. 237, Memorandum at 48). The Court concludes that Plaintiffs' proof, id. at 3-57, overwhelmingly satisfies the legal standards for this exception to the application requirement.

As to the public interest factor, the Defendant contends that the recent flood requires the most qualified applicants to be selected. The Court agrees, but the Defendant's assertion is wholly undermined by the proof that MWS manipulated job qualifications to select white

3

employees over more qualified and more experienced black employees, replaced highly qualified black employees with less qualified and experienced white employees, and increased job qualifications for black applicants who had more qualifications than the preceding white employee. Id. at 7-25. The Defendant's actual practice of altering job qualifications completely undermines this contention.

As to the public interest factor, the Defendant had delayed these proceedings with two unsuccessful appeals of the Court's class certification rulings and a third unsuccessful appeal of the Order granting Plaintiffs' motion for a new trial on their disparate treatment claims. The Sixth Circuit affirmed the Order granting Plaintiffs' a new trial on Plaintiffs' disparate treatment claims. (Docket Entry No. 236). The Defendant filed a notice of appeal of the Order granting a new trial that had the legal effect of staying the retrial of the Plaintiffs' disparate treatment claims by a jury and depriving the Court of jurisdiction to render any findings on Plaintiffs' disparate impact claims. Picket v. Howse 549 F.3d 377, 383 (6th Cir. 2008). With its notice of appeal of the Court's ruling on Plaintiff's disparate impact claims, (Docket Entry No. 242), Metro has again effectively stayed the new trial on the Plaintiffs' disparate treatment claims that this Court ordered and the Sixth Circuit affirmed. Plaintiffs' administrative claims were filed in 2002, and the Defendant's delays in this action have substantially contributed to the extent of Plaintiffs' continuing injuries.

The Court's view on the public interest factor is that the enforcement of Title VII takes priority over the MWS's interest in managing its workforce in a manner that violates Title VII and promotes less qualified persons to perform an important public service. Upon its finding of racial discrimination, the Court has, "the duty to render a decree which will so far as possible eliminate the discriminatory effects of the past as well as bar like discrimination in the future."

4

Paradise, 480 U.S. at 183; Brunet v. City of Columbia, 1 F.3d 390, 413 (6th Cir. 1993) (quoting Paradise). A Metro administrative law judge found that MWS's racially disparate treatment of one of the Plaintiffs was a "miscarriage of justice." (Docket Entry No. 223, Memorandum at 2) (quoting the trial exhibit).

As to the portion of the Order that the Metro Civil Service Commission or its designees conduct and score oral interviews for one year, based upon validated and job related questions, this relief is necessitated by the proof that qualified black candidates were not interviewed; that black employees who were interviewed and ranked higher than the white employees had to go through a second interview resulting in the ranking of the white employee higher; that previously announced positions were withdrawn after black employees ranked highest for the position and that questions were tailored for favored employees or were not job related. (Docket Entry No. 237, Memorandum at 6-25). Under the Order, a designated MWS employee can be present for the interview and evaluation of candidates and can respond to the interview committee on any technical issues that may arise. In sum, the Plaintiffs' proof establishes and the Court has found that MWS does not select the most qualified candidates and manipulates the job qualifications and interview process to select favored white employees. The Defendant's contention to the contrary lacks factual support.

For these reasons, the Defendant's motion for a stay is denied as unsupported by the record and the relief ordered by the Court is warranted based upon the Defendant's agency's conduct.

An appropriate Order is filed herewith.

**ENTERED** this the _20_ day of August, 2010.

William J. Haynes, Jr.
United States District Judge

5