UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CLAUDE GRANT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | NO. 3:04-cv-630 |
| v. ) | JUDGE CRENSHAW |
| ) | |
| METROPOLITAN GOVERNMENT ) | |
| OF NASHVILLE AND DAVIDSON ) | |
| COUNTY, TENNESSEE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

On July 11, 2016, the Court held a status conference in this matter. For the following reasons as well as those stated on the record during the status conference, the Court rules as follows:

Plaintiffs' motion to set disparate treatment claims for trial (Doc. No. 320) is **DENIED WITHOUT PREJUDICE**. The parties agreed that this Court should review the Court's prior grant of Plaintiffs' motion for a new trial. Accordingly, it was agreed that Defendant will file a motion for relief from this Court's March 27, 2009 Order granting Plaintiffs' motion for a new trial on the disparate treatment claims (Doc. No. 223), because it relied on evidence that the Sixth Circuit discredited on appeal. The parties shall file an agreed order on the briefing schedule for that motion by Wednesday, July 13, 2016. The parties' briefing shall include legal authority addressing this Court's authority to grant relief from Judge Haynes' order granting a new trial because the undersigned did not preside at the jury trial. If Defendant prevails on that motion, this case will be closed. If Plaintiffs prevail on that motion, the parties will then brief whether this

matter will proceed as a disparate treatment class action given the significant developments in the law on class certification since the Court's August 8, 2005 Order granting Plaintiffs' motion for class certification (Doc. No. 26) and because the Court certified a class based on evidence that has been discredited by the Sixth Circuit.

Defendant's motion to strike Plaintiffs' remarks about defense counsel (Doc. No. 323) is **DENIED**. Defendant objects to statements contained in Plaintiffs' pleadings (Doc. Nos. 320, 322-1) indicating that Defendant's counsel engaged in improper conduct during the jury trial in this matter. The Sixth Circuit addressed this issue on appeal: "Our careful review of the record leaves us in considerable doubt as to the appropriateness of the district court's determination that Metro's counsel committed misconduct and prejudiced the proceedings." In re Metro. Gov't of Nashville & Davidson Cty., Tenn., 606 F.3d 855 (6th Cir. 2010). The Court believes that the Sixth Circuit comments settle the issue. The Court finds it unnecessary to strike Plaintiffs' remarks from its briefs, but expects, given the Sixth Circuit's ruling, that there will be no further comments suggesting that Defendant's counsel engaged in misconduct at earlier stages of this proceeding. The Court notes that Defendant's counsel Mr. J. Brooks Fox and Plaintiffs' counsel Mr. Martin D. Holmes are respected attorneys in the Nashville bar.

Defendants' motion to dismiss for lack of prosecution (Doc. No. 327) is **DENIED**. In considering a motion brought under Rule of Civil Procedure 41(b) for failure to prosecute, courts "look to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999). None of the factors is outcome dispositive. Id.

The Sixth Circuit has been "reluctant to uphold the dismissal of a case ... merely to discipline an errant attorney because such a sanction deprives the client of his day in court," but instead has "increasingly emphasized directly sanctioning the delinquent lawyer rather than an innocent client." Id.

On March 27, 2009, the Court granted Plaintiffs' motion for a new trial on the disparate treatment claims. (Doc. No. 223.) On April 24, 2009, Defendant filed a notice of appeal of that Order. (Doc. No. 225.) On June 4, 2010, the Sixth Circuit dismissed Defendant's appeal as premature. (Doc. No. 236.) On July 22, 2010, the Court entered an Order awarding Plaintiffs backpay, prejudgment interest on the backpay, initiating the process for the appointment of a Special Master, and granting injunctive relief in the form of Court-imposed requirements for the hiring process for Metro Water Services' hiring and promotion process. (Doc. No. 238.) On August 2, 2010, Defendant again filed a notice of appeal. (Doc. No. 242.) On August 26, 2011, the Sixth Circuit ruled on the appeal in this matter. On April 17, 2012, the United States Supreme Court denied Plaintiffs' petition for *writ of certiorari*. (Doc. No. 288.) There was no activity in the case for 25 months after April 17, 2012, until May 12, 2014, when Plaintiffs filed a motion to reopen discovery. (Doc. No. 289.)

Although the Court is troubled by this 25-month delay, which clearly was attributable to the Plaintiffs, it finds that the prejudice to Defendant is not sufficient to warrant dismissal of the case. Defendant articulated at the status conference that it would be prejudiced in two ways: (1) its former Human Relations Director does not wish to testify again in another trial of this matter, and it would be difficult for the current Director to prepare to testify about employment decisions made long ago; and (2) it would take a significant amount of effort for Defendant's expert, Dr. Paul White, to prepare for trial, complicated by the fact that he no longer works for the same company

he worked for during the first trial in this matter. However, Dr. White does continue to do similar work as he performed for his previous company. The prejudice offered by Defendant is not sufficient to warrant the drastic sanction of dismissing Plaintiffs' case. The Court also finds that, although the delay was attributable to Plaintiffs, there is no evidence that the delay was due to bad faith or that the Court had warned Plaintiffs that their case would be dismissed if they failed to act. The Court concludes that it would not be appropriate to dismiss Plaintiffs' disparate treatment claims and that no other sanction would be appropriate in this matter.

Regarding the motion to amend the allocation of the special masters' expenses (Doc. No. 350), Plaintiffs' response is due July 12, 2016 and Defendant may file a reply by July 22, 2016.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE