# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **CLAUDE GRANT, et al.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3-04-cv-00630** |
| | ) | **JUDGE CRENSHAW** |
| **METROPOLITAN GOVERNMENT** | ) | |
| **OF NASHVILLE AND DAVIDSON** | ) | |
| **COUNTY, TENNESSEE** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM

Pending before the Court is Defendant's Motion to Vacate Order Granting New Trial (Doc. No. 373), to which Plaintiffs have filed a Response in Opposition (Doc. No. 377). For the reasons stated herein, Defendant's Motion to Vacate is **DENIED**.

## BACKGROUND

This case was brought by Plaintiffs, on behalf of themselves and others similarly situated, against the Metropolitan Government of Nashville and Davidson County ("Metro"), their employer, for race discrimination. Plaintiffs alleged both disparate treatment and disparate impact. A jury found for Defendant on Plaintiffs' disparate treatment claims. Following the nine-day jury trial and the jury's verdict for Defendant, the Court granted Plaintiffs' Motion for New Trial, finding that the verdicts were against the clear weight of the evidence and that the proceedings were prejudiced by the conduct of Defendant's counsel. (Doc. No. 223.) Neither Plaintiffs nor the Court took any action to commence retrial of the disparate treatment claims.

Since that time, the Sixth Circuit Court of Appeals has issued three opinions in this matter. That court denied Metro's appeal of the Court's granting a new trial as premature, denied Metro's

petition for a writ of mandamus to reinstate the jury verdicts, and directed this Court to rule on the disparate impact claims. (Doc. No. 236 and <u>Metropolitan Govt. of Nashville and Davidson County, Tenn. v. Grant,</u> 606 F.3d 855 (6th Cir. 2010)). This Court then ruled for Plaintiffs on their disparate impact claims. (Doc. Nos. 237-38.)

On August 26, 2011, the Sixth Circuit reversed this Court's ruling on disparate impact, holding that Plaintiffs failed to meet their <u>prima facie</u> case of disparate impact discrimination. (Doc. No. 285.) Then, on April 28, 2016, almost five years later, the Sixth Circuit affirmed this Court's denial of Plaintiffs' Motion to Reopen Discovery, vacated the Court's order closing the case, and remanded the case for further proceedings consistent with its opinion. (<u>See</u> Doc. No. 319.)

Now the parties have agreed that this Court should review the Court's prior grant of Plaintiffs' motion for a new trial. (Doc. No. 361.)

ANALYSIS

The Federal Rules of Civil Procedure provide that an order or decision of the court may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities. Fed. R. Civ. P. 54(b). The prior order in this case was made by another judge of this Court on March 27, 2009 (Doc. No. 223).

Under the doctrine of the law of the case, a decision on an issue made by a court at one stage of a case should be given effect in successive stages of the same litigation.[1] <u>Tartt v. Wilson County, Tenn.,</u> 982 F.Supp.2d 810, 823 (M.D. Tenn. 2013). But the law-of-the-case doctrine merely

---

[1] This doctrine promotes the finality and efficiency of the judicial process by protecting against the re-litigation of settled issues. <u>Katt v. Titan Acquisitions, Inc.</u>, 244 F.Supp.2d 841, 855 (M.D. Tenn. 2003).

expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power. Id.

A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loath to do so in the absence of extraordinary circumstances. United States v. Garcia, 496 F.3d 495, 514 (6th Cir. 2007). Thus, a court is not foreclosed from reconsidering issues of fact or law previously decided by it or a coordinate court. Katt v. Titan Acquisitions, Inc., 244 F.Supp.2d 841, 855 (M.D. Tenn. 2003). It is within the sole discretion of the court to determine if a prior ruling should be reconsidered, and the Sixth Circuit has declined to impose any conditions or limitations upon a court's power to review a prior ruling. Gillig v. Advanced Cardiovascular Systems, Inc., 67 F.3d 586, 590 (6th Cir. 1995).

The Sixth Circuit has stated three reasons to reconsider a prior ruling: (1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by controlling authority; and (3) where a decision is clearly erroneous and would work a manifest injustice. Katt, 244 F.Supp.2d at 856. The first two reasons set forth by the Sixth Circuit above do not apply in this case. The Court must determine whether the prior decision is clearly erroneous and would work a manifest injustice.

The Court granted Plaintiffs' Motion for New Trial on several bases. The Court noted that Defendant had no evidence that its Human Resources Department had investigated a claim of a racially hostile work environment, despite a supervisor's request for such an investigation. The Court also found that Defendant's training materials included racially discriminatory remarks and that Defendant's discriminatory treatment of Plaintiff Martindale was characterized by the Metro Civil Service Commission as a "miscarriage of justice." In addition, the Court cited the statistical

analysis of an expert witness, Dr. Moomaw, and also found that defense counsel's conduct was inappropriate and prejudicial. (Doc. No. 223.)

Defendant contends that the bases for the prior order were discredited by the Sixth Circuit. First, the Sixth Circuit stated that it had "considerable reasonable doubt" as to the appropriateness of this Court's determination that defense counsel committed misconduct and prejudiced the proceedings. The appellate court stated that the district court "may have erred in relying on the allegedly prejudicial conduct of Metro's counsel as a basis to grant a new trial." (Doc. No. 236.) This Court has already found that the Sixth Circuit's comments settled that issue. (Doc. No. 361.)

Defendant also argues that the Sixth Circuit discredited Plaintiffs' statistical evidence. The Sixth Circuit stated that Plaintiffs' expert's statistical evidence fell short of the relevant statistical data that the law requires for a disparate <u>impact</u> case. (Doc. No. 285.) The appellate court was ruling on this Court's decision on disparate impact, not disparate treatment. The Court will not extend that finding to find that it precludes Plaintiffs' disparate treatment claims in this case. The trial judge had the opportunity to hear the fact witnesses and credit their testimony concerning the alleged disparate treatment. The Court finds that the Sixth Circuit's opinions did not find that the Court's prior decision was clearly erroneous or a manifest injustice.

CONCLUSION

Because the Court's prior ruling has not been discredited as Defendant maintains, the Motion to Vacate is denied.

An appropriate Order will enter.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE